UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISCILLA A. ELLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 22-531 (UNA) |
| | ) |
| JOSEPH R. BIDEN *et al*., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

In February 2022, Petitioner, appearing *pro se*, submitted on behalf of herself and "all incarcerated military veterans" an Expedited Motion to be Released to Military Housing/Home Confinement if Not on Death Row. ECF No. 1 (Petition). Petitioner also submitted a motion to proceed *in forma pauperis* (IFP), ECF No. 2. Because Petitioner had not supplied the financial statements required of prisoners seeking IFP status, the Court deferred ruling on the IFP motion and allowed time for Petitioner to submit proper statements. Order, ECF No. 5. On April 26, 2022, the Court granted Petitioner's motion to enlarge the time to file the financial statements, ECF No. 12, and they were officially entered on the docket that day, ECF No. 9. For the following reasons, the Court will now grant Petitioner's IFP motion and dismiss this case under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Petitioner alleges substandard conditions of confinement at the Federal Transfer Center in Oklahoma City, Oklahoma, from where she filed this action. *See* Pet. at 2-4, 11-12. Petitioner was transferred from the Oklahoma facility in March 2022 and is currently housed at the Federal Correctional Institution in Aliceville, Alabama. ECF Nos. 6, 10 (address change notices). Courts

1

generally have no say in where prisoners are housed. *See Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983) (a prisoner generally has no constitutional right to be confined in a particular institution); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection [titled Imprisonment] is not reviewable by any court."). Therefore, Petitioner's claim will be dismissed as moot. *See Aref v. Lynch*, 833 F.3d 242, 251 (D.C. Cir. 2016) ("normally a prisoner's transfer or release from a prison moots any claim [s]he might have for equitable relief arising out of the conditions of [her] confinement in that prison[.]") (cleaned up)).

Although Petitioner purports to represent all military prisoners, she, as a lay person, can neither prosecute the claims of other prisoners nor act as a class representative. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citation omitted)). Thus, this case will be dismissed by separate order.

Date: May 27, 2022

_____
TREVOR N. McFADDEN
United States District Judge